**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

CHRISTINE SOSEBEE, )
)
    Plaintiff, )
)    CIVIL ACTION FILE
)    NO. 2:20-CV-00015-RWS
)
v. )
)
LIFE INSURANCE COMPANY )
OF NORTH AMERICA, )
)
    Defendant. )

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff Christine Sosebee ("Plaintiff") and Defendant Life Insurance Company of North America ("LINA") submit the following joint preliminary report and discovery plan, pursuant to Local Rule 16.2:

**1.     Description of Case:**

**(a)     Describe briefly the nature of this action:**

Plaintiff brought this action to recover long-term disability ("LTD") benefits under Group Policy No. LK-980041 (the "Group Policy") issued by LINA to Plaintiff's former employer McKesson Corporation ("McKesson") to fund LTD benefits under an employee welfare benefit plan (the "Plan") sponsored and maintained by McKesson and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* Plaintiff

also seeks to recover attorney's fees and litigation expenses.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence**.

Plaintiff was an employee of McKesson and was a participant in the Plan. Plaintiff filed a claim for LTD benefits under the Plan, alleging he was "disabled" as defined by the Plan as of October 5, 2017 due to symptoms associated with systemic lupus erythematosus and pseudoseizures. LINA denied this claim based on its determination that Plaintiff was not "disabled" from performing the material duties of her previous occupation as a Corporate FP&A Director. Plaintiff subsequently appealed this decision. After review of this appeal, LINA upheld its claim decision. Plaintiff then requested that LINA reopen or otherwise reconsider its claim decision on the grounds that she had recently been diagnosed with Lyme disease. LINA denied this request. This lawsuit followed.

**(c)     The legal issues to be tried are as follows:**

(1)   Whether LINA's determination that Plaintiff was not entitled to LTD under the Plan was arbitrary and capricious.

(2)   Whether Plaintiff is entitled to recover attorney's fees under 29 U.S.C. § 1132(g).

**(d)     The cases listed below (include both style and action number) are:**

**(1)  Pending Related Cases:** None.

(2)  **Previously Adjudicated Related Cases:** None.

2.      **This case is complex because it possesses one or more of the features listed below (please check):** Not applicable.

____**(1)  Unusually large number of parties**

____**(2)  Unusually large number of claims or defenses**

____**(3)  Factual issues are exceptionally complex**

____**(4)  Greater than normal volume of evidence**

____**(5)  Extended discovery period is needed**

____**(6)  Problems locating or preserving evidence**

____**(7)  Pending parallel investigations or action by government**

____**(8)  Multiple use of experts**

____**(9)  Need for discovery outside United States boundaries**

____**(10)  Existence of highly technical issues and proof**

____**(11)  Unusually complex discovery of electronically stored information**

3.      **Counsel**

        **The following individually-named attorneys are hereby designated as lead counsel for the parties:**

For Plaintiff:      Heather Kendall Karrh
                    ROGERS, HOFRICHTER & KARRH, LLC
                    225 S. Glynn Street
                    Suite A
                    Fayetteville, Georgia 30214

(770) 460-1118 (telephone)
(770)-460-0920 (facsimile)
*hkarrh@rhkpc.com*

For Defendant:    Elizabeth J. Bondurant
Brendan H. White
WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW
Suite 2400
Atlanta, Georgia 30363-1017
(404) 872-7000 (telephone)
(404) 888-7490 (facsimile)
*lisa.bondurant@wbd-us.com*
*brendan.white@wbd-us.com*

**4.    Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

**( ) Yes          ( x ) No**

**If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.    Parties to This Action:**

**(a)  The following persons are necessary parties who have not been joined**: None.

**(b)  The following persons are improperly joined as parties:** None.

**(c)  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:** Not applicable.

(d)  The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.    **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in Local Rule 15.

(a)  List separately any amendments to the pleadings that the parties anticipate will be necessary:

None at this time.

(b)  Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.    **Filing Times for Motions**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission

of the court to file later.  Local Rule 7.1A(2).

(a)  *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)  *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)  *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)  *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

8.  **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

The parties agree that this matter is exempt from the Rule 26(a)(1) disclosure requirement as "an action for review on an administrative record." FED. R. CIV. P. 26(a)(1)(B)(i). The parties further agree that the initial disclosure

requirement shall be satisfied by production of the bates-labeled administrative record to Plaintiff's attorney by counsel for LINA.

**9.      Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a conference at this time.

**10.    Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

LINA  contends  that  discovery  in  this  case  should  be  limited  to  the

production of the bates-labeled administrative record. Plaintiff contends that limited extra-record discovery should be permitted concerning bias and qualifications of LINA's medical reviewers. To the extent that Plaintiff is permitted to serve discovery, LINA contends that it must be very narrowly tailored to conflict of interest issues.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Not applicable.

**11.    Discovery   Limitation   and   Discovery   of   Electronically   Stored Information:**

**(a)  What  changes  should  be  made  in  the  limitations  on  discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

See item 10, above.

**(b) Is any party seeking discovery of electronically stored information?**

 _X__  **Yes**                          _____  **No**

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties do not anticipate any issues regarding electronic discovery at this time, as all electronically stored information should be contained within the administrative record which will be produced by LINA to Plaintiff's attorney. However, should any issue arise, the parties will reach an appropriate agreement governing electronic discovery at that time.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

LINA will produce a bates-labeled copy of its administrative record to Plaintiff's attorney via electronic file transfer.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12. Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

None.

**13.   Settlement Potential:**

**(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on** _April 2, 2020_**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party**.

**For plaintiff:**  _/s/ Heather Kendall Karrh_

**Other participants:** None

**For defendant:** _/s/ Brendan H. White_

**Other participants:**  None

**(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

**(X) A possibility of settlement before discovery.**

**(_) A possibility of settlement after discovery.**

**(_) A possibility of settlement, but a conference with the judge is needed.**

**(_)    No possibility of settlement.**

**(c) Counsel (_X_) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed**

**date of the next settlement conference is** <u>undetermined at this time</u>.

(d) **The following specific problems have created a hindrance to settlement of this case:**

None.

14. **Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a) **The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ___ day of _____, 20___.**

(b) **The parties ( x ) do not consent to having this case tried before a magistrate judge of this Court.**

Respectfully submitted this 22nd day of April, 2020.

/s/ *Heather Kendall Karrh*
Heather Kendall Karrh
Georgia Bar No. 408379

Attorney for Plaintiff

ROGERS, HOFRICHTER & KARRH, LLC
225 S. Glynn Street
Suite A
Fayetteville, Georgia 30214
(770) 460-1118

/s/ *Brendan H. White*
Elizabeth J. Bondurant
Georgia Bar No. 066690
Brendan H. White
Georgia Bar No. 458315

Attorneys for Defendant

WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363-1017

hkarrh@rhkpc.com

(404) 872-7000 (telephone)
(404) 888-7490 (facsimile)
lisa.bondurant@wbd-us.com
brendan.white@wbd-us.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

CHRISTINE SOSEBEE,                  )
                                    )
     Plaintiff,                     )
                                    )          CIVIL ACTION FILE
                                    )          NO. 2:20-CV-00015-RWS
                                    )
v.                                  )
                                    )
LIFE INSURANCE COMPANY              )
OF NORTH AMERICA,                   )
                                    )
     Defendant.                     )

## <u>SCHEDULING ORDER</u>

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified: stated in the above completed form, except as herein modified:

IT IS SO ORDERED, this _____day of _____, 2020.


_____
HONORABLE RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE</u>

Pursuant to Local Rule 5.1C and Standing Order No. 19-01, the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** is prepared in Times New Roman, 14 point, and was filed using the CM/ECF system, which will automatically provide notice to all attorneys of record by electronic means.

This 22nd day of April, 2020.

<u>/s/ *Brendan H. White*</u>
Brendan H. White
Georgia Bar No. 458315